GEORGE ALEXANDER, Respondent, *v.* GERMANIA FIRE INSUR-
ANCE COMPANY, Appellant.*

A policy of fire insurance, by its terms, insured plaintiff against loss "on his two-story and extension shingle-roof building, *occupied as dwelling*." In an action upon the policy it appeared that at the time it was issued the building was unoccupied. *Held*, that the clause was a warranty that the house was occupied as a dwelling; and that it being unoccupied, there was a breach of the warranty which avoided the policy.

The policy also contained a clause, in substance, that any person other than the assured procuring the insurance to be taken shall be deemed to be the agent of the assured, not of the company. *Held*, that under this clause defendant was not bound by knowledge on the part of the agent, through whom the policy was procured, that the house was unoccupied.

Also, that, assuming he was agent of defendant for the purpose of taking the application, his knowledge of the falsity of the warranty did not affect its validity.

(Argued January 25, 1876; decided February 22, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department in favor of plaintiff, entered upon an order directing judgment on a verdict.

This action was upon a policy of fire insurance issued by defendant to plaintiff, insuring him, as stated in the policy, "on his two-story and extension frame shingle-roof building, occupied as dwelling, situate," etc. "It is a part of this contract that any person other than the assured who may have procured this insurance to be taken by this company shall be deemed to be the agent of the assured named in this policy, and not of this company, under any circumstances whatever, or in any transaction relating to this insurance."

The building was at the time the policy was issued in fact unoccupied. The application for the insurance was taken by one Brewster, who was engaged in soliciting business, taking and filling out applications, receiving premiums, etc., for defendant. He was aware at the time he took the application that the house was vacant. The building was destroyed by fire.

* The opinion in this case was mislaid, and thus it did not appear in its order.

Upon the trial, at the close of plaintiff's evidence, defendant's counsel moved to dismiss the complaint upon the following grounds: "First. That it is apparent from the evidence in the case that if the minds of the parties met at all they met in this contract, which is in evidence, in writing, before the court and jury, and by the terms and conditions of that contract included in the papers in proof the policy is void. Second. The occupation was a warranty by the insurer, and non-occupation a breach of it, and avoided the policy. Third. The plaintiff bringing the action on this contract seeks to affirm it in part. He cannot do so. He must stand or fall by the entire contract, and by its terms he must fall." The court denied the motion, and defendant excepted.

The court directed a verdict for the plaintiff for the amount of the loss, subject to the opinion of the court at the General Term.

*B. C. Chetwood* for the appellant. The statements as to occupation were warranties. (*Brown* v. *Cat. Co. Ins. Co.*, 18 N. Y., 392; *Chase* v. *Ham. Ins. Co.*, 20 id., 52; *Leroy* v. *Market F. Ins. Co.*, 39 id., 90; 45 id., 80; *Parmelee* v. *Hoff. F. Ins. Co.*, 54 id., 193; *Cott* v. *Phœnix F. Ins. Co.*, id., 595; *Owens* v. *Hol. Pur. Ins. Co.*, 56 id., 565; *Jennings* v. *Chen. Mut. Ins. Co.*, 2 Den., 75; *Sarsfield* v. *Met. Ins. Co.*, 42 How. Pr., 97; *Smith* v. *Empire Ins. Co.*, 25 Barb., 497.) The non-occupation of the building was a breach of the warranty and avoided the policy. (*Jennings* v. *Chenan. Mut. Ins. Co.*, 2 Den., 75; *Mead* v. *Northumberland Ins. Co.*, 3 Seld., 530; *Wustum* v. *City F. Ins. Co.*, 15 Wis., 138; *Harrison* v. *City F. Ins. Co.*, 9 Al., 231; *Witherell* v. *Marine Ins. Co.*, 49 Me., 200; *Ripley* v. *Ætna. Ins. Co.*, 30 N. Y., 136.) Warranties extend even to known defects. (*Kennedy* v. *St. L. Co. Mut. Ins. Co.*, 10 Barb., 285; 2 Den., 75.)

*J. L. Smith* for the respondent. Brewster was defendant's agent. (*Bodine* v. *Ex. F. Ins. Co.*, 51 N. Y., 117; Flanders on F. Ins., 166, 167; *Barber* v. *Hartf. Mut. Ins. Co.*, 25

Cow., 51; *Rowley* v. *Empire Ins. Co.*, 36 N. Y., 550; *Petry* v. *G. F. Ins. Co.*, 61 Barb., 335, 344.) There was no misrepresentation or breach of warranty. (*O'Neil* v. *Buf. F. Ins. Co.*, 3 N. Y., 124; Flanders on Ins., 257; *Reynolds* v. *Com. F. Ins. Co.*, 47 N. Y., 597; *Bowman* v. *Ag. Ins. Co.*, 2 T. & C., 261; *Owens* v. *Hol. Pur. Ins. Co.*, 56 N. Y., 565; *Cumb. Val. M. Prot. Co.*, 8 P. F. Smith, 419.) Knowledge of the agent that the building was unoccupied was knowledge of defendant. (*Ames* v. *N. Y. Un. Ins. Co.*, 14 N. Y., 253; Flanders on Ins., 303.) Defendant is estopped by this knowledge of its agent from setting up that the building was vacant. (Flanders on Ins., 167, 181–188; *Plumb* v. *Cat. Ins. Co.*, 18 N. Y., 392; 36 id., 550; *Combs* v. *Han. Svgs. Ins. Co.*, 43 Mo., 248; *People's Ins. Co.* v. *Spencer*, 3 P. F. Smith, 353; *Meadowcraft* v. *Standard F. Ins. Co.*, 11 P. F. Smith, 91; *Beal* v. *Park F. Ins. Co.*, 16 Gris., 241; *Owens* v. *Hol. Pur. Ins. Co.*, 1 T. & C., 285, 287; *Cone* v. *Niag. Ins. Co.*, 3 id., 33; *Boos* v. *World Mut. L. Ins. Co.*, 6 id., 364; 61 Barb., 479.)

RAPALLO, J. The three points made by the counsel for the defendant, on the motion to dismiss the complaint, embrace, in substance, but one proposition, viz.: That the plaintiff, in his contract with the defendant, warranted that the building insured was occupied as a dwelling, and that the breach of this warranty avoided the policy.

By the terms of the policy the defendant insured the plaintiff against loss, etc., " on his two-story and extension frame, shingle-roof building, occupied as dwelling, situate," etc.

This was clearly a warranty that the building was, at the time of the insurance, occupied as a dwelling. The description and location of the building were fully set forth. The statement that it was occupied as a dwelling was not necessary for its identification, and could have been inserted for no other purpose than as a statement of a fact relating to the risk. The case of *Wall* v. *The East River Mutual Insurance Company* (7 N. Y., 370) is in point upon this question. That case adopts

the definition of a warranty contained in 13 Connecticut, 544, viz.: That "any statement or description on the face of the policy, which relates to the risk, is a warranty," and holds that the same rule which prevails as to marine policies is applicable to fire policies.   It was there decided that where a policy covering a rope-maker's stock, described it as contained in a brick building, with tin roof, *occupied as a storehouse,* and about forty-two feet distant from the rope-walk, etc., the statement that the building was occupied as a storehouse was a warranty.

That case was followed in *Parmelee* v. *Hoffman Fire Insurance Company* (54 N. Y., 193), where a building was described in the policy as being occupied by the assured, and it was held that this was a warranty.   The present case clearly shows that the statement as to the occupancy of the building related to the risk, for the policy provides that if the premises become vacant and unoccupied the policy shall become void.

This view of the case renders it unnecessary to determine whether the statement as to occupation contained in the application was a warranty.   There would be a difficulty in so holding, for the reason that it does not appear in the case that the application was referred to in the policy or made part of it.   (See *Owens* v. *Holland Purchase Co.*, 56 N. Y., 565.)

The plaintiff claims that the knowledge of Brewster, the agent who procured the insurance, that the house was unoccupied, destroys the effect of this warranty.   Assuming that Brewster was the agent of the company for the purpose of taking the application for the policy, his knowledge of the falsity of a warranty in terms contained in the policy could hardly affect the validity of the warranty.   (*Chase* v. *Hamilton Ins. Co.*, 20 N. Y., 52, 56.)   Such a case would not fall within the principle of *Rowley* v. *The Empire Insurance Company* (36 N. Y., 550).

But the policy now in question contains an express agreement, that any person other than the assured who may have procured the insurance to be taken by the company, shall be

deemed to be the agent of the assured, and not of the company under any circumstances whatever, or in any transaction relating to the insurance. In *Rohrbach* v. *The Germania Insurance Company* (62 N. Y., 47), this court decided that this clause was operative and precluded the assured from claiming that the company was bound by the knowledge of a similar agent through whom a policy had been procured.

It is conceded that the house was vacant and unoccupied at the time of effecting the insurance, and so continued up to the time of the fire. This was a breach of the warranty, which, according to well-settled rules of law, avoided the policy.

The judgment should be reversed. and a new trial granted, with costs to abide the event.

All concur, except CHURCH, Ch. J., and MILLER, J., not voting.

Judgment reversed.