DANIEL W. CHASE AND OTHERS, APPELLANTS, v. THE PEOPLE'S FIRE INSURANCE COMPANY, RESPONDENT.

*Knowledge of agent — when imputable to company — what constitutes an estoppel upon company.*

This action was brought upon a policy of insurance against loss by fire which described the property of the assured as "his one-story frame dwelling-house, occupied by tenant." One Tomlin, who was employed by Smith & Elwood, defendant's agents at Rochester, solicited the insurance. He knew at the time that the house was vacant, and so told Smith & Elwood's clerk, by whom the policy was made out. The policy provided that any person other than the assured who procured insurance should be regarded as the agent of the assured, and not of the company.

*Held,* that the knowledge of Smith & Elwood was the knowledge of the company; and that having issued the policy with full knowledge of the facts, they could not thereafter claim that it was void because the description in the policy was false.

*Van Schoick v. Niagara Fire Ins. Co.* (68 N. Y., 434) followed.

APPEAL from a judgment in favor of the defendant, entered upon a nonsuit directed at the Circuit.

The action was on a policy of insurance against loss by fire issued by defendants. The policy described the insured property as "his one story frame dwelling-house occupied by tenant, situated," etc.

The policy was issued November 1, 1874, by Smith & Elwood, the defendant's agents at their office, in Rochester. Fire destroyed the buildings December 12, 1874, and notice was given to the company. The building was not "occupied by tenant" at time policy was issued, nor at time of the fire; one John D. Tomlin solicited the insurance; he was in the employ of Smith & Elwood. He was fully informed that the dwelling-house was unoccupied when the policy was issued. He testified that he communicated to his employers (Smith & Elwood's clerk), that the house was unoccupied. Their clerk, Willard, wrote the policy after such information was given to him. The evidence appeared to justify the inference that Smith & Elwood had knowledge through their clerk that the house was unoccupied. The policy was filled by the clerk with the words "occupied by tenant," countersigned and delivered to Jones, with provision that loss was payable to Daven-

port; Davenport assigned to plaintiff. There was no written application. The policy contained a clause, viz.: It is a part of this contract that 'any person other than the assured who may have procured this insurance to be taken by this company, shall be deemed to be the agent of the assured named in this policy, and not of the company under any circumstances whatever, or in any transaction relating to this insurance.

*J. A. Stull*, for the appellant. Since the defendant — through its agent, who was authorized to write up and issue the policy — had full knowledge of the facts in this regard; and notwithstanding that, by its own wrongful act, it inserted in the policy the clause "occupied by tenant," which it knew at the time to be false, and then delivered the policy to the insured saying, "it was all straight" — to allow the defendant now to set up that the policy was void for that reason, would clearly operate as a fraud on the plaintiff, and the defendants should be held to be estopped from so doing. (Wood on Fire Ins., §§ 386, 389, p. 637; 14 N. Y., 253; 56 id., 565; 6 T. & C. [N. Y.], 364; *Maher* v. *Hibernian Ins. Co.*, 15 Alb. Law Journal, 47, January 20, 1877; S. C. 3 Weekly Dig., 570, affirming decision of this court; S. C., 13 N. Y. S. C. R., 351; S. C., 67 N. Y., 283.) Smith & Elwood, being authorized to issue and countersign policies, etc., were such general agents that they might waive a condition in a policy as to occupation, and such waiver need not be indorsed on the policy even when the policy required it. (*Walsh* v. *Hartford Fire Ins. Co.*, 4 N. Y. Weekly Dig., 284.) If the policy is to be regarded as so drawn by mistake, then the case is covered by the decision in *Gates* v. *Penn. Fire Ins. Co.* (18 N. Y. S. C. R., 490.)

*Theodore Bacon*, for the respondent. The policy was void *ab initio*, by reason of the false description of the building as "occupied by a tenant." (*Wall* v. *East River M. I. Co.*, 3 Seld., 370; *Parmelee* v. *Hoffman F. I. Co.*, 54 N. Y., 193; *Merwin* v. *Star F. I. Co.*, 7 Hun, 659; *Alexander* v. *Germania F. I. Co.* [Court of Appeals], 66 N. Y., 464.) Even notice to Smith & Elwood themselves would not have prevailed over the written contract. (*Jennings* v. *Chenango M. I. Co.*, 2 Denio, 75; *Brown* v. *Catta-*

*raugus M. I. Co.*, 18 N. Y., 387; *Chase* v. *Hamilton I. Co.*, 20 id., 52; *Rohrbach* v. *Germania F. I. Co.*, 62 id., 47; *Alexander* v. *Germania F. I. Co., ubi supra*; *Walsh* v. *Hartford F. I. Co.*, 17 Alb. Law Jour., 273.)

HARDIN, J.:

When the policy was issued the house was not "occupied by tenant." That fact was known to Tomlin, who solicited the policy. He may be deemed the agent of the assured under the provision in the policy, to wit: "It is a part of this contract that any person other than the assured who may have procured this insurance to be taken by this company, shall be deemed to be the agent of the assured named in this policy, and not of this company, under any circumstances whatever, or in any transaction relating to this insurance." He *solicited the policy*, became fully aware of the fact that the dwelling was unoccupied; that the assured knew it, and still wished it insured, and knew that some companies would not carry a risk on it, and that others would; and Tomlin, knowing these facts, went to the office of Smith & Elwood, agents for the defendant, and saw a clerk, stated the facts of its non-occupation, applied for a policy, which was written by the clerk, took and delivered the policy and secured the premium, paid it over to Smith & Elwood, who paid it over to the defendant, and the defendant received it and put it away in its coffers, and for no other consideration than the policy so issued. The clerk of Smith & Elwood was acting for them, and was authorized by them to do many things apparently which they could do; and according to *Bodine* v. *Ex. Fire Ins. Co.* (51 N. Y., 117), his act was the act of Smith & Elwood, the agents of the company. It may be inferred from the evidence that, through the acts and statements of the clerk, Smith & Elwood had full knowledge of the non-occupation of the premises at the time they issued the policy for the defendant.

The case of *Gates* v. *Penn. Insurance Co.* (17 N. Y. S. C. R., 490), was very similar in principle to this one, and the General Term of this department held there could be a recovery. The principle laid down by MULLIN, P. J., in that case, would uphold a recovery here. The learned counsel for respondent cites *Alex-*

*ander* v. *Germania Fire Insurance Co.*, decided in February, 1876, by the Court of Appeals, and reported 66 N. Y., 464. In that case there was a written application taken by one Brewster, who was the party who procured the insurance, and under a similar clause as to being the agent of the assured. It was held that knowledge by him of the fact that the house was vacant was not notice to the company, and that knowledge of such fact by such a person did not prevent the company from insisting upon the breach of the warranty. A similar doctrine was laid down in *Rohrbach* v. *The Germania Fire Insurance Co.* (62 N. Y. ., 47).

These cases are commented upon by FOLGER, J., in *Van Schoick* v. *Niagara Fire Insurance Co.* (68 N. Y., 434), and explained. He says, "that the policy was delivered and the premium received, with full purpose of making a valid and obligatory contract, is evidence that, through neglect or forgetfulness, one of the forms was not observed, or that it was waived by the parties." Also, he says: "In the case in hand, there is a consideration in the premium paid which would not have been done with an understanding that the condition should remain and be enforced, thus making the payment futile. In the purview of some of the cases, there is also an estoppel." The learned judge in that case reached the conclusion that Lewis was the agent of the company, and that his knowledge that the buildings were on leased lands was equivalent to the knowledge thereof by the company; or, in other words, that through his knowledge of the fact the company had notice. He then adds: "It is difficult to make all the cases upon this subject harmonize; but *by the force of authority* we are constrained to hold that such a condition as this may be *waived* by the insurer, by express words to that effect, or by acts done under such circumstances as would otherwise impute a fraudulent purpose, and as will estop him from setting up the condition against the insured." The learned judge thus reaches a conclusion that the company, under the circumstances disclosed then, could not successfully defend. This court is, therefore, justified in concluding, in this case, that there was an estoppel or waiver by the defendant at the time of issuing the policy.

These views lead to the conclusion that the learned judge at

the Circuit improperly granted the motion for a nonsuit, and that a new trial should be granted, with costs to abide the event.

TALCOTT, P. J.:

Desiring, as far as possible, to be governed by the decisions of the court of last resort, I concur in the foregoing opinion of HARDIN, J., on the authority of *Van Schoick* v. *The Niagara Fire Ins. Co.*, reported in 68 N. Y., 434, which is the latest enunciation of the law on the subject to which we have at present, access — overruling, as we understand it does, the case of *Alexander* v. *The Germania Ins. Co.*, reported in 66 N. Y., 464.

SMITH, J., not sitting.

New trial ordered, with costs to abide the event.