BOYD *v.* INSURANCE COMPANY.

(*Jackson.* April 30, 1891.)

1. FIRE INSURANCE. *Statement that insured premises are occupied, if false, avoids policy.*

Holder of fire-policy upon a dwelling-house, therein described as "occupied by good tenants," cannot recover thereon for loss if the house was, in fact, vacant at date of policy. Such statement constitutes a warranty on the part of the insured, and its exact truth is a condition precedent to validity of policy and the right of recovery thereon.

Cases cited: 7 N. Y., 370; 66 N. Y., 464.

2. SAME. *Same. Intention of policy-holder immaterial.*

It is wholly immaterial, in such case, whether the insured made the false statement fraudulently, with knowledge of the truth, or ignorantly, believing it true. In either event the policy is void, and no recovery can be had thereon.

3. SAME. *Same. Refusal of Court to charge special request as to waiver not erroneous.*

The Court did not err in its refusal to charge, upon the plaintiff's request, that the insurance company had waived the warranty contained in the statement that the insured premises were "occupied" at date of policy, if, after full notice of the falsity of that statement, it consented to continue the policy—there being no evidence that the company ever had such notice. "It is not error to refuse to charge upon a point not involved in the evidence."

4. SAME. *Same. Same.*

And the Court did not err in its refusal to charge said request as applicable to waiver of forfeiture of policy for vacancy of premises occurring after inception of risk, the Court having, in his general charge, stated "that if the defendant had notice of such vacancy of the

house after it was insured, and assented to its being vacant, this would be such a waiver of the forfeiture clause for vacancy as would entitle plaintiff to recover."

5. SAME.    *Other defenses not waived by requiring proofs of loss.*

By requiring of the insured the proofs of loss stipulated for in the policy, the insurer does not waive his right to make other defenses, such as overinsurance, non-compliance with conditions precedent, etc., although the insured may have necessarily incurred expense in furnishing the required proofs of loss.

Cases cited : 96 U. S., 234; 81 N. Y., 410.

---

### FROM SHELBY.

---

Appeal in error from Circuit Court of Shelby County.    L. H. ESTES, J.

MALONE & MALONE for Boyd.

M. B. TREZEVANT for Insurance Company.

LURTON, J.    This is an action at law upon a policy of fire insurance. The property insured is described on the face of the policy as a "one-story frame, shingle-roof dwelling-house, occupied by good tenants as such." This policy was issued March 9, 1888, and was for two years.

On January 31, 1889, the property was consumed. by fire. The insurance company, among other.

pleas, plead that the premises were not occupied, either at time of issuance of policy or at time of loss. There was a judgment for the insurer. Errors are assigned upon the charge of the Court to the jury. Among other things, the Court charged as follows:

"The statement in the policy in this case, 'on the one-story frame, shingle-roof dwelling-house, occupied by good tenants as such,' is a representation by the plaintiff to the defendant that at the time the policy was issued the building was really occupied, and the condition upon which the contract of insurance was based; and to entitle the plaintiff to recover, it must have been true. Therefore, if you find that the building was vacant, and that the defendant was ignorant of that fact, this avoids the policy, and your verdict should be for defendant. This is the law, even though the statement be made in ignorance and without any desire to misrepresent any of the facts."

This was a succinct statement of the law, expressed in positive and unambiguous terms.

The distinction between a representation and a warranty in a policy of fire insurance is an important one, and has led to much conflict of judicial opinion. The definition by Mr. Arnold, in his work on Insurance, of a warranty is that a "warranty is a stipulation inserted in writing on the face of the policy, on the literal truth or fulfillment of which the validity of the entire contract depends."

This definition, says Mr. May in his valuable work on Insurance, has met with general acceptance. The latter author, speaking of a warranty, says: "By a warranty the insured stipulates for the absolute truth of the statement made and the strict compliance with some promised line of conduct, upon penalty of forfeiture of his right to recover in case of loss, should the statement prove untrue or the course of conduct be unfulfilled." Again he says: "A warranty is an agreement in the nature of a condition precedent, and, like that, it must be strictly complied with." May on Insurance, Sec. 156.

A warranty enters into and is a part of the contract, and the materiality is not open to discussion. No liability can arise, except within the terms of the contract of which the warranty is a part. On the other hand, a mere representation is in its nature no part of the contract, being a statement incidental or collateral to the contract. Hence, if a representation be concerning a matter immaterial to the risk, it does not affect the contract. May on Insurance, Secs. 183, 184.

If, however, the representation be of a fact material to the risk, and be relied upon by the insurer, it is the undoubted general rule that such representation, whether made intentionally or through mistake and in good faith, avoids the policy. "It is the fact that the insurer relies upon the truth of the representation, and not upon the intention, which misleads, whether fraudulent

or otherwise, that gives the right to complain."
*Supra*, Sec. 181.

In view of the consequence resulting from the
breach of a warranty, however immaterial, the
Courts will not favor a construction which will
convert that which was incidental or collateral into
a warranty. The intent that the statement or
description shall be a part of the contract must
arise upon a fair interpretation and clear intent of
the words used. Whether the statement constitutes
a warranty or a representation is a question of
law, and is for the Court. The rule that any
statement or description on the face of the policy
which relates to the risk is a warranty, has been
largely accepted. *Wall* v. *Insurance Company*, 7
N. Y., 370.

It is enough, however, for the purposes of this
case to say that where, on the face of the policy,
the property is described as a dwelling-house
occupied by tenants, that such a statement is a
warranty. It is evident in such case that the
property is insured as an *occupied dwelling*, and
this fact becomes a part of the contract. To re-
cover, the assured must bring himself within the
terms of the contract upon which he sues. *Alex-
ander* v. *Germania Fire Insurance Company*, 66 N.
Y., 464 (S. C., 23 Am. Rep., 76).

The second assignment of error is upon the re-
fusal of the Court to charge the jury that "if
you find that the house was vacant at the time
the policy was taken out, yet if you further find

the fact to be that this vacancy continued for some time; that Plaintiff Boyd notified the insurance company of the vacancy, when the insurance company, through its agent and secretary, said, 'That was all right,' or words to that effect, then this was a waiver of the forfeiture caused by the house not being occupied when the policy was issued; and on this point your verdict should be for the plaintiff."

This request is not explicit. If the notice to the secretary of the company was merely a notice that at *the time of the notice* there was a vacancy, this would not be notice that when issued the vacancy was then existing. The facts show that this house had not been occupied for nearly a month before issuance of policy, and that it continued vacant until burned, nearly a year afterward. During this time the unoccupied premises were used by wagoners and tramps as a temporary camping-place. The notice given the secretary was not earlier than November. To operate as an estoppel, the facts should have been fully and fairly stated. If, with such notice, the company consented to the continuance of the policy, or made no objection when informed of the facts, then it might be held as waiving all right to afterward complain of the non-occupation of the premises at the date of issuance or at date of loss.

This request leaves the extent of the notice to conjecture. A consent to a vacancy occurring during the life of the policy would not be a waiver

of a warranty that the premises were occupied at inception of contract. Provision is made in the contract for a vacancy thus occurring, and the Court had already charged concerning such a vacancy during life of the policy, "that if the defendant had notice of such vacancy of the house after it had been insured, and assented to its being vacant, this would be such a waiver of the forfeiture clause for vacancy as would entitle plaintiff to recover." Notice of such a vacancy and consent thereto would only operate to waive the clause of the policy forfeiting it for a vacancy without consent during life of the policy. This contract had never any validity, and life could not be given to it unless the company, with full notice, consented to its continuance. Good faith and fair dealing required that all the facts should have been stated. If, however, this request be regarded as requiring notice of the non-occupation at inception of the contract, then it was not error to refuse it, for the evidence of plaintiff as to what he said to the secretary does not show that he informed him of the non-occupation at issuance of contract. What he said would leave the impression that he only spoke of a vacancy then existing, and his anticipation of an early occupancy. It is not error to refuse to charge upon a point not involved in the evidence.

The third and last assignment is upon the refusal of the Court to charge that if after the loss and knowledge of the facts by the company a

·negotiation for a settlement of the loss was begun, "by which Boyd was required to go to expense and trouble in getting up an estimate of his loss, or of the value of the house destroyed," that this would operate as a waiver of the defenses heretofore considered. It was not error to refuse this. The company did not admit the amount of the loss, and claimed overinsurance in addition to the defenses growing out of breach of warranty of occupation. The policy required that the assured should furnish evidence of his loss, and, if required, plans and specifications of the building destroyed. The requirement of such evidence, even if it did involve expense, is not a waiver of other defenses. The cases of *Insurance Company* v. *Norton* (96 U. S., 234) and *Titus* v. *Insurance Company* (81 N. Y., 410), cited by counsel for appellant, were cases involving conduct after forfeiture but *before a loss* had occurred. They do not support the assignment. The other cases cited are not accessible. It is inconceivable, though, that they should be authority for the position that, if the insurer after a loss requires proof of loss, it thereby waives all right to set up as a defense that it is not liable by reason of the fact that it never had a valid contract at all. Waiver is generally but another term for estoppel. There can be no estoppel where the assured has not been misled to his prejudice. This defense was one to the whole demand. Its assertion might waive defects in proof, or want of notice, but the demand of estimates of loss in no

way misled plaintiff, for he knew that not only was all liability denied, but that, if any existed, the amount of his demand was contested.

The judgment must be affirmed.