BARNEY GALLIN, Respondent, v. ALLEMANNIA FIRE INSURANCE COMPANY and Others, Appellants.

First Department, November 22, 1918.

Insurance — action on fire insurance policies — insufficient service of summons upon agents under section 432 of Code of Civil Procedure — when defective service not waived by notice of appearance — defense of Statute of Limitations — warranty — statement that building is occupied as dwelling — breach of warranty — condition precedent to right to recovery — service of proper proofs of loss — pleading.

Where, in an action on fire insurance policies, the plaintiff served a summons on two agents of two of the defendants in the city of New York, which is insufficient because not within the requirements of section 432 of the Code of Civil Procedure, and subsequently served a summons on the Superintendent of Insurance, an appearance by the defendants in response to that service in order to plead the Statute of Limitations was not a waiver of the defective service of summons upon the agents, especially as it is contended that defendants had no knowledge of the attempted service upon the agents before the trial.

Under the evidence, the defense of the short Statute of Limitations provided in the contract of insurance was established and the complaint should have been dismissed upon that ground.

A statement in the insurance policy that two of the buildings insured were *occupied as dwellings* constituted a warranty by the plaintiff and as such use was not the principal one, said warranty was breached.

It is not enough that part of the building was occupied as a dwelling house, as long as that was not the principal purpose for which the building was used.

Provisions in a fire insurance policy that the insured shall serve upon the insurers sufficient proofs of loss within a specified time from the fire, and that no suit shall be sustainable until after full compliance with such requirements, constitute a condition precedent to the right of recovery, and the insured is required to prove full compliance therewith.

It is not sufficient for the insured to show service of papers that he claims to have been proofs of loss.

A denial by the insurer of full compliance by the insured with such a condition is sufficient to raise the issue.

SHEARN, J., dissented.

APPEAL by the defendants, Allemannia Fire Insurance Company and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 16th day of November, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the 5th day of December, 1917, denying defendants' motion for a new trial made upon the minutes.

The judgment was in the sum of $4,213.05.

*Arnold L. Davis* of counsel [*Guy C. Heater* with him on the brief; *Parker, Davis & Wagner*, attorneys], for the appellants.

*David Goldstein* of counsel [*Goldstein & Goldstein*, attorneys], for the respondent.

SMITH, J.:

On or about the 5th day of May, 1911, tne four insurance companies, defendants, issued a joint policy upon three separate buildings in the village of Hurleyville, Sullivan county, N. Y. The policy covers as follows:

" $1,500 on the two-story frame shingle Roof Building and Additions, including Foundations, Heating Apparatus and Connections, Plumbing, Electric Wiring, Steam, Gas and Water Pipes and Fixtures, Window and Door Screens *occupied as a dwelling*, and

" $1,000 on the one-half story frame shingle roof building, *occupied as a dwelling*, and

" $500 on the frame barn, all situate on the southwest side of Main Street, in the Village of Hurleyville, Sullivan County, New York."

These buildings were burned upon October 16, 1911. There-after and within sixty days from the fire the plaintiff's attorneys sent to the defendants' agents what purported to be proofs of loss. These so-called proofs of loss the defendants sought to return to plaintiff by inclosing them in an envelope directed to the plaintiff at Hurleyville, with the statement of the objections made thereto. This envelope with the inclosure was returned to the defendants as not delivered. Thereafter the defendants inquired of the plaintiff's attorneys what was the plaintiff's address and were informed that any communication to the plaintiff might be sent in the care of these attorneys. The defendants at once sent to the plaintiff in the care of these attorneys the claimed proofs of loss and objections thereto which they had mailed to the plaintiff at Hurleyville. No new proofs of loss were served. These proofs of loss were not introduced in evidence by the plaintiff and upon the defendants' attempt to introduce them in evidence the court rejected them upon the objection of the plaintiff's attorneys. Thereafter and upon the 16th day of October, 1912, the plaintiff sent by mail to the Superintendent of Insurance a summons in this action. This summons was received by the Superintendent on the seventeenth, who admitted service as of that date. Plaintiff also had served upon the sixteenth upon two agents of two of the defendants in New York city a summons in this action. This service upon these agents was clearly insufficient to commence the action, because not within the requirements of section 432 of the Code of Civil Procedure. Plaintiff now claims that defendants' appearance waived the insufficiency of the service. If service upon these agents had been the only service the notice of appearance might be construed as a waiver of defective service. But summons had been served on the Superintendent of Insurance. The defendants were required to appear in response to that service in order to plead the Statute of Limitations. The appearance, therefore, in the action cannot be construed as a waiver of defective service of summons upon the agents, especially as it is contended that defendants had no knowledge whatever of this attempted service upon these agents before the trial.

The defendants pleaded the short Statute of Limitations

provided in the contract which required an action to be commenced within one year after the fire.   This plea should have prevailed.   Inasmuch as the attempted service upon the agents of two of the defendants was insufficient, plaintiff must rely upon his service upon the Superintendent of Insurance; that service was made upon the 17th day of October, 1912.   The plaintiff's attorneys attempt to argue that this fire did not occur until the 17th day of October, 1911, but the testimony of their own client is to the contrary.   The only testimony which throws any doubt upon the date is the testimony of one of the defendants' witnesses who swore that he did not remember whether the fire occurred upon the sixteenth or seventeenth.   This, of course, is negative testimony which neither proves nor disproves either date.   It is impossible, therefore, for the plaintiff to escape the penalty of this delay, and the complaint should have been dismissed upon that ground.

The plaintiff represented in the policy that two of these buildings were occupied as dwellings.   Neither one of said buildings was principally so occupied.   One of them consisted of rooms down stairs which were used as a store or as a blacksmith and wagon shop with some dwelling rooms on the second floor occupied by the tenant.   The other consisted of a store or butcher shop upon the first floor with " two little rooms " upon the second floor which may have been occupied.   The use of either of these buildings as a dwelling was incidental merely and certainly not the principal use to which these buildings were put.   The statement in the policy that they were used as a dwelling is to be deemed a warranty by the plaintiff and as such use was not the principal use it is clear that warranty has been breached.   (*Alexander* v. *Germania Fire Ins. Co.,* 66 N. Y. 464; *Maher* v. *Hibernia Ins. Co.,* 67 id. 288; *Donley* v. *Glens Falls Ins. Co.,* 184 id. 107.) It is not enough that part of the building was occupied as a dwelling house, as long as that was not the principal purpose for which the building was used.

There is still another ground upon which this judgment should be reversed.   The policy required the furnishing of proofs of loss within sixty days from the time of the fire and further provided that " *the loss shall not become payable until*

*sixty days after the notice, ascertainment, estimate and satis-factory proof of the loss herein required have been received by these companies."*

The policy still further states: *" No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements."*

In order to recover, therefore, it was incumbent upon this plaintiff to show that he had served upon the defendants proper proofs of loss. It is not enough that he show service of papers that he claims to have been proofs of loss. The paper that was in fact served the defendants were not allowed to introduce in evidence, nor was it incumbent upon the defendants in the first instance to show that the proofs of loss were not sufficient. It rested with the plaintiff to show as a condition precedent to his right of recovery, the service of the proofs of loss containing the matters required to be contained therein by the provisions of the policy. This the plaintiff has failed to do. This is answered by the plaintiff's attorneys by the statement that no such defense is pleaded. As long as it is a condition precedent to recovery, the plaintiff is required to prove full compliance with such condition. This was denied by the defendants and no further pleading is necessary by the defendants in order to raise the issue.

Other questions are discussed in the briefs, which it is not necessary here to discuss, in view of the conclusion which we have reached. The judgment should be reversed and, inasmuch as the action is barred by the Statute of Limitations, the judgment and order should be reversed, with costs, and the complaint should be dismissed, with costs.

CLARKE, P. J., LAUGHLIN and DOWLING, JJ., concurred; SHEARN, J., dissented.

Judgment and order reversed, with costs, and complaint dismissed, with costs.