(114 So. 6)

ACCIDENT INS. DEPARTMENT OF ORDER OF RAILWAY CONDUCTORS OF AMERICA v. BROOKS. (6 Div. 491.)

Supreme Court of Alabama. Nov. 4, 1926.

Rehearing Denied April 21, 1927.

Further Rehearing Denied Oct. 20, 1927.

1. Insurance 815(1)—In action on accident insurance certificate, complaint held to sufficiently state substance and legal effect of executed contract.

In action on certificate of accident insurance, substance and legal effect of contract entered into *held* sufficiently stated in pleadings, so that overruling of demurrer to allegations of complaint setting out substance and legal effect of insurance contract was not error.

**2. Insurance ☞815(1)—In action on accident insurance certificate, allegation as to certain by-laws being applicable held not to exclude relevant and applicable by-laws.**

In action on accident insurance certificate, allegation in complaint using words, "together with certain by-laws and regulations of said department was contract of insurance" between parties, *held* not to exclude relevant and applicable by-laws.

**3. Insurance ☞130(1) — Accident insurance contract held completed when parties' minds met as indicated by their writings.**

Accident insurance contract *held* completed when minds of parties met in manner indicated by their writings.

**4. Insurance ☞723(2)—Statutory provisions as to misrepresentation and warranties apply to contracts of insurance by secret fraternities or like organizations (Code 1923, §§ 8049, 8364, 8507).**

Code 1923, §§ 8049, 8364, 8507, as to misrepresentations and warranties, apply to contracts of insurance by secret fraternities or other organizations of like kind, insuring members or others, or negotiating for such insurance contracts.

**5. Insurance ☞253—To constitute defense to action on insurance policy, false statement relied on by insurer must have been made with intent to deceive concerning matters intrinsically material to risk (Code 1923, § 8364).**

Plea setting up misrepresentation as defense to action on insurance policy is demurrable, in view of Code 1923, § 8364, for failing to allege making false statements with intent to deceive, relating to matters intrinsically material to risk and that insurer relied on it.

**6. Insurance ☞255—Statute declaring that to be defense matter warranted in insurance policy must be so material as to increase risk of loss relieves against common-law rule as to warranties (Code 1923, § 8364).**

Code 1923, § 8364, relating to misrepresentation as defense to insurance policy, relieved against common-law rule concerning warranties subject of contract by declaring that matter warranted must be material such as to increase risk of loss.

**7. Insurance ☞817(1)—In action on accident insurance certificate, defendant had burden of proving failure to give notice of dismemberment as alleged.**

In action on accident insurance certificate, defendant had burden to prove plaintiff's failure to give notice of dismemberment as required and as raised by its allegations.

**8. Insurance ☞818(1)—In action on accident insurance certificate, submission of various evidences of complete contract to jury for consideration together held not error.**

In action on accident insurance certificate, submission of various evidences of complete contract to jury for consideration together *held* not error; such evidences having tendency to show plaintiff's right to recover for total disability and dismemberment through accident.

**9. Trial ☞29(2)—Statement by trial judge to attorneys in presence of jury that he would give affirmative charge held not error, though charge was subsequently refused.**

In action on accident insurance certificate, statement by judge to attorneys in presence of jury that he would give affirmative charge *held* not error, though charge was subsequently refused, jury being fully informed as to controverted issues of fact to be ascertained from evidence, and counsel not having considered charge given insufficiently comprehensive to request special charge, or to remind judge of deficiency.

Appeal from Circuit Court, Jefferson County; Jno. Denson, Judge.

Action by J. T. Brooks against the Accident Insurance Department of the Order of Railway Conductors of America. Judgment for plaintiff, and defendant appeals. Affirmed.

The following statement was made by the court:

"I am going to give the general charge for the plaintiff in this case. If you gentlemen want to argue to the jury, all right; if you don't, all right."

J. M. Grimm, of Cedar Rapids, Iowa, and Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

A contract of insurance is not complete until the minds of the parties have met. Cherokee Life Ins. Co. v. Brannum, 203 Ala. 148, 82 So. 175; Delaware S. F. Co. v. Shaw, 54 Md. 546. If the contract of insurance as written is within the power of the association under its constitution and by-laws, the contract will prevail over the by-laws and by it the rights and liabilities of the parties must be determined. Thomas v. Leake, 67 Tex. 469, 3 S. W. 703; Davidson v. Old People's Soc., 39 Minn. 303, 39 N. W. 803, 1 L. R. A. 482; Fitzgerald v. Equitable (City Ct. N. Y.) 3 N. Y. S. 214; Doane v. Millville Ins. Co., 45 N. J. Eq. 274, 17 A. 625. Where a written instrument by specific reference incorporates another, it is the initial duty of the one offering such instrument to bring forth such evidence. Ill. Sur. Co. v. Donaldson, 202 Ala. 185, 79 So. 667; A. & T. Co. v. Nabors, 37 Ala. 489. Pleading must be unequivocal, and a written instrument cannot be pleaded in part. Prov. Assur. Soc. v. Pruett, 141 Ala. 688, 37 So. 700. The question of waiver is one of intention. Tedder v. Home Ins. Co., 212 Ala. 624, 103 So. 674. The trial court may not express an opinion upon the effect of the evidence. Code 1923, § 9507.

W. A. Weaver and Theo. J. Lamar, both of Birmingham, for appellee.

The complaint is sufficient. W. O. W. v. Eastis, 206 Ala. 49, 89 So. 63; Knights, etc., v. Gillespie, 14 Ala. App. 493, 71 So. 67;

W. O. W. v. Adams, 204 Ala. 667, 86 So. 743. Pleas setting up fraudulent statements, failing to aver intentional making thereof, that they increased the risk, were material, and were relied on by defendant, are insufficient. Metropolitan Ins. Co. v. Goodman, 196 Ala. 304, 71 So. 409; American Ins. Co. v. Wright, 205 Ala. 186, 87 So. 577. No duty devolved upon plaintiff to give notice until his total disability was known. Maryland Cas. Co. v. Ohle, 120 Md. 371, 87 A. 763; Peele v. Provident Fund, 147 Ind. 543, 44 N. E. 661, 46 N. E. 990; Am. Nat. Ins. Co. v. Waters, 133 Miss. 28, 96 So. 739. Replication 1 was sufficient. Watts v. Metropolitan L. I. Co., 211 Ala. 404, 100 So. 812; Southern Indemnity Ass'n v. Hoffman, 16 Ala. App. 274, 77 So. 424; Moore v. O. R. Co., 90 Iowa, 721, 57 N. W. 623. When the charge of the court does not touch all of the defenses, the remedy of defendant is to request special instructions. W. O. W. v. Maynor, 209 Ala. 443, 96 So. 355.

THOMAS, J. The suit is on a contract or certificate of insurance in the accident insurance department of the Order of Railway Conductors of America, and resulted in a verdict for the plaintiff.

[1-3] The overruling of demurrer to counts 2 and 3 of the complaint, setting out the substance and legal effect of the contract of insurance declared upon, was without error. These pleadings proceeded upon the theory that the application for insurance, insurance certificate, and the laws of the order that were applicable to insurance constituted the contract of insurance, and alleged that the insurance was in full force and effect at the time in question. Knights, etc., v. Gillespie, 14 Ala. App. 493, 71 So. 67; W. O. W. v. Adams, 204 Ala. 667, 86 So. 737; W. O. W. v. Eastis, 206 Ala. 49, 89 So. 63. The use of the words in count 3, "together with certain by-laws and regulations of said department, was a contract of insurance between" the parties, in the context of that count, had not the effect of excluding relevant and applicable by-laws and regulations of the department; it meant all by-laws of the defendant order that had application. In Providence, etc., Co. v. Pruett, 141 Ala. 688, 37 So. 700, the sufficiency of a plea was under discussion, and the rule is different for a complaint. The contract of the parties was completed when their minds met in the manner indicated by their writings. Cherokee Life Insurance Co. v. Brannum, 203 Ala. 145, 82 So. 175. The substance and legal effect thereof was sufficiently stated in the pleading. George v. Roberts, 207 Ala. 191, 92 So. 1.

[4] The provisions of the statute (Code of 1907, § 4572; Code of 1923, §§ 8049, 8364, 8507), as to misrepresentations and warranties, have been made to apply to contracts of insurance by a secret fraternity or other organization of like kind, which insures its members or others, or in the negotiation of such a contract of insurance or application therefor or proof of loss thereunder.

It is declared by the statute that written or oral misrepresentation or warranty shall not avoid the contract, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive (Empire Life Ins. Co. v. Gee, 171 Ala. 435, 55 So. 166; Mutual Life Insurance Co. v. Allen, 174 Ala. 511, 56 So. 568), or unless the matter misrepresented increased the risk of loss (Sovereign Camp v. Hutchinson, 214 Ala. 540, 108 So. 522). The effect of warranties the parties may make in insurance contracts was the subject of discussion in Brotherhood, etc., v. Riggins, 214 Ala. 79, 107 So. 44; Sovereign Camp v. Hutchinson, 214 Ala. 540, 108 So. 520, and Massachusetts Mutual Life Insurance Co. v. Crenshaw, 195 Ala. 263, 70 So. 768.

[5] The effect of the decisions under the statute is that a plea setting up a misrepresentation as a defense to an action on a policy of insurance is demurrable where it fails to allege (as in cases of deceit, Sovereign Camp v. Hutchinson, 214 Ala. 540, 543 [2-3], 108 So. 520), that (a) false statements have been made (b) with intent to deceive, that (c) related to matters intrinsically material to the risk, (d) and that the insurer relied on them. Empire Life Ins. Co. v. Gee, 171 Ala. 435, 55 So. 166; Travelers' Ins. Co. v. Whitman, 202 Ala. 388, 391, 80 So. 470; Sovereign Camp v. Hutchinson, 214 Ala. 540, 543, 108 So. 520; Heralds of Liberty v. Collins, ante, p. 1, 110 So. 283.

[6] The effect of the statute was to relieve against the common-law rule as to warranties the subject of contract, and to declare that the matter warranted must be material —such as increased the risk of loss. Brotherhood of Railway, etc., v. Riggins, 214 Ala. 79, 107 So. 44.

It follows that the trial court did not commit error in sustaining demurrers to pleas setting up fraudulent misrepresentations that failed in such averment of facts embraced within one of the alternatives. It may be further observed that pleas 5A and 10 do not specifically aver that plaintiff was not a passenger conductor at the time of the application for insurance. Amer. Ins. Co. v. Wright, 205 Ala. 186, 87 So. 577.

[7] Plea 2 set up the law of the order as to notice of total disability, and did not indicate that such failure was a condition precedent to recovery in that this was a forfeiture of all right to indemity, as for dismemberment, in accord with the certificate sued upon, providing that the principal sum is payable for death of assured or dismemberment, etc. And it is averred in plea 9:

"Defendant denies the allegations of said count as liability for 52 weeks' indemnity, and the defendant says that it is provided in and by the certificate sued on that:

" 'The principal sum will be payable to Sarah Brook relationship, wife, if his death should be caused by accident unless. as excepted in article 13 of the accident insurance laws.'

"And article 13 of the accident insurance laws makes provisions and exceptions in the following' language and none other:

" 'Article 13. *Death and Dismemberment Claims.*—When the death by accident of a member of this department occurs, or, when dismemberment in accord with the provisions of article 11 occurs, proof of such death or dismemberment shall be made upon blanks prepared and furnished by the department, and it shall be obligatory on part of claimant to furnish all the information said blank calls for. Said blank shall be filed with the general secretary of the department, who shall immediately refer same to the trustees of the department, for action thereon. If a majority of the trustees approve the claim, the general secretary shall, upon receipt of such approved claim, forward check covering same to claimant in full payment of all liability against this department on account of such death or dismemberment.

" 'No death indemnity will be paid when loss of life has been incurred because of fits, intemperance, recklessness, disreputable or illegal acts, disappearance, injuries, fatal or otherwise, where there is no external contusion, unless certified to by a medical expert designated by the department; suicide or self-inflicted injuries, whether sane or insane; surgical operation for any disease, sickness or affliction of any nature whatsoever, other than accidental injury, as this insurance department does not cover or indemnify against same.'

"And defendant avers that the alleged accident caused a dismemberment within the provisions of section 11 and plaintiff did not make proof of such dismemberment as required by article 13 above quoted, within a reasonable time after such dismemberment."

Article 11 provides, among other things, for the loss of a leg, foot, arm, hand, or eye, due to accident, the sum of $2,500. Adverting to plea 2, it does not aver that the notice referred to was a condition precedent to the right of recovery. Provident Life & Accident Ins. Co. v. Elliott, 198 Ala. 230, 73 So. 476; Royal Exch. Assur. of London, England, v. Almon, 206 Ala. 45, 89 So. 76; Amer., etc., Co. v. Waters, 133 Miss. 28, 96 So. 739. It is provided by the rule obtaining (article 12):

"If any member of this department becomes totally disabled by accident, so that he is unable to perform his regular or other employment; he shall make report of such disability on blank prepared and furnished by the department, giving all the information called for on such blank, within ten days' from the date of accident, and file it with the general secretary of the department."

It should be said that plea 9 properly presents the issue of fact and that the burden of proof as to it was upon the defendant. The several pleas to which demurrer was sustained sought to set up the same defense as that contained in pleas to which demurrer was overruled.

[8] The evidence discloses that in article 7 of the by-laws of the department a member of the order "in good standing" is eligible to become a "member of this department" (membership therein being voluntary) upon due application therefor accompanied by the premium for the first quarter, forwarded to the general secretary of the department; that when application is in due form and the general secretary knows no reason why it should not be accepted, he "shall accept it" and make due "entry of such acceptance thereon," and notify the applicant that the same became in "force from 12 o'clock noon of the day upon which said application was accepted." We are not informed of any other required certificate or any other prescribed form of the notice of acceptance. This notice is for the benefit of the assured, the acceptance being binding upon the insurer. When the application, in due form, accompanied by the required dues, is accepted, the relation of assured and assurer exists. Thereafter the former would be entitled to the protection of the class of insurance to which he belonged pursuant to the contract evidenced by the application, certificate, and by-laws of the order. W. O. W. v. Alford, 206 Ala. 18, 89 So. 528. The trial court had the various evidences of the complete contract before it, and considered the same together. There was no error in submitting that evidence to the jury as tending to show plaintiff's right to recover for a total disability and dismemberment—the loss of an eye—due to accident. It is immaterial by which of the parties the accident insurance certificate was offered. It was in evidence, and will be read in connection with the by-laws, etc., having application.

The issue was tried upon pleas of whether or not plaintiff, within a reasonable time after the injury, had been discovered, gave defendant due notice thereof; and the replication numbered 1 to the several pleas, that plaintiff, long before the suit, furnished defendant full information as to his said injuries, disabilities and dismemberment on blanks "sent plaintiff by defendant, and that thereafter the defendant advised the plaintiff in writing in substance that defendant was not going to pay the full amount due by reason of the fact that plaintiff had changed his occupation without reporting the same to defendant. Wherefore plaintiff says that defendant has waived any other right it might have which could be set up as a defense to this cause of action." See authorities in Caledonian Ins. Co. v. Jones, 214 Ala. 520, 108 So. 331.

The letter of February 11, 1924, exhibited to defendant's rejoinder to the replication, was to the effect that the department had received information that plaintiff had changed his occupation from passenger to freight conductor, and that such change was required to be reported by article 15 of de-

fendant's by-laws, and that no report had been made. The letter adverted to the fact that the required notice of dismemberment on specific blanks had not been given, or that such notice of disability as was given was made upon the blanks provided for members making application for weekly indemnity; expressed the opinion or declared that this fact was immaterial; indicated that the claim of disability would be re-examined and if payment was made it would be made on the basis of the purported change of occupation from passenger to freight conductor.

[9] The statement of the trial judge as to the affirmative charge was directed to the attorneys, and, though in the presence of the jury, was without reversible error. The fact that the court thereafter reconsidered and declined to give the charge for the plaintiff, and defendant had opportunity to argue the case, discloses no error to reverse. The jury were fully informed as to the controverted issues of fact to be ascertained from the several tendencies of the evidence. If it had been thought by counsel that the charge was not sufficiently comprehensive under the several pleadings and tendencies of evidence, the court should, by special charges, have been duly invoked thereto or reminded of the deficiency. W. O. W. v. Maynor, 209 Ala. 443, 96 So. 352; Lewis v. Martin, 210 Ala. 401, 98 So. 635.

The general affirmative charges requested by defendant were properly refused.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

On Petition for Rehearing.

THOMAS, J. When the whole proceedings are considered together—pleadings and evidence—the trial of the issues of fact were on the theory that the contract of the parties was evidenced by the application and certificate of insurance into which entered the laws of the order that were applicable, and that the issue was whether plaintiff gave the required notice of his injury within a reasonable time after he had discovered that injury. To the pleas of the defendant were directed several replications, 1 to 4, inclusive, and to which demurrer was overruled as to some and sustained as to No. 4. Thus were presented the issues of fact discussed on the original hearing.

In the trial of the cause, plaintiff offered testimony tending to prove his complaint; the defendant's testimony tended to prove that the notice indicated in its plea had not been given by the plaintiff within a reasonable time; and plaintiff offered testimony tending to show that the notice was given within a reasonable time and also to prove

216 ALA.—39

the special replication. The issue presented to the jury and tried by it was a disputed question of fact, being that of whether or not the said notice was given within a reasonable time. On this question, the jury found for the plaintiff. It was, therefore, not necessary that the plaintiff should prove all the replications he saw fit to introduce.

It is well established that, where the fact of agency rests in parol or by way of inference from the conduct of the principal, and there is evidence to show the agency, the acts and declarations of the agent are admissible, and the fact of agency vel non is usually a question for the jury. The letter of E. P. Curtis was a declaration of the purported agent (its general secretary and treasurer) and it supported the issue of waiver of other notice, or such was the reasonable inference that the jury may draw therefrom. Roberts & Sons v. Williams, 198 Ala. 290, 73 So. 502; Robinson & Co. v. Greene, 148 Ala. 434, 43 So. 797. The letter from Curtis as general secretary was competent evidence, since there was other evidence from which the authority in the premises might be inferred. Gambill v. Fuqua, 148 Ala. 448, 42 So. 735; Eagle Iron Co. v. Baugh, 147 Ala. 613, 41 So. 663. The writer of this letter (and other letters in evidence) was holding himself out as the agent of the defendant in handling the claim, acting as said agent generally in the matters of the sufficiency of notices and of all claims. Defendant had the direct control of this agent or agency, and had the possession of all of his correspondence as such alter ego, and knew that Mr. Curtis was so acting in that behalf, and in passing upon the fact of whether or not a claim was regular or questionable. It was within the line of his duty to inform the claimant, if the claim as made was objectionable, and to state to a member the reasons why.

Curtis was the general secretary of the defendant; had more than limited authority; was the alter ego of defendant for the purposes indicated in the by-laws and constitution of the defendant. In article 5 it is provided:

"The general secretary shall keep a true record of all the business of the department, a register of the members, receive and hold in trust all funds of the department, and shall pay to the proper person or persons, upon receipt of unquestionable proof of injury or death caused by accident, such amount as such person or persons are entitled to receive in full as indemnity for loss of time, dismemberment, or death. He will pay no questionable claim for indemnity for loss of time, or dismemberment or death unless approved by trustees. He shall be held under his bond in the Order of Railway Conductors for the faithful performance of his duties as general secretary of this department."

And in article 12 it is further provided:

That said official shall pay disability claimants, if the proof thereof is unquestionable, and,

"if the proof of claim for disability is questionable, the general secretary will refer it to the trustees of the department for action thereon, and, if a majority of the trustees approve the claim, the general secretary shall, upon the receipt of such approved claim, forward check covering same to claimant in full payment of all liability against this department on account of such disability."

Thus he was more than a limited agent, and was clothed with judgment and authority to act in the matter of requiring immediate payment of a claim, or to refer it to the trustees of the department for further consideration.

As we have stated, the issues of fact presented were whether or not plaintiff was injured and gave due and seasonable notice of his injuries. Defendant's pleading presented said issues, and plaintiff's replies were that of waiver. The evidence or inferences therefrom was submitted in support of the respective insistances. The jury found for plaintiff under the issues as made up. The failure of plaintiff to prove one of several replications to a plea does not warrant a judgment on the pleas for the defendant, if other replication thereto be proven and is an answer to the plea (Fidelity & Deposit Co. v. Mobile County, 124 Ala. 144, 151, 27 So. 386; Glass v. Meyer, Son & Co., 124 Ala. 332, 335, 26 So. 890), and such is the case as to the verdict rendered.

The application for rehearing is overruled.