Coleman, Spain, Stewart & Davies, and H. H. Grooms, all of Birmingham, for appellant.

156 So. 832

## CAMDEN FIRE INS. ASS'N v. LANDRUM.
### 5 Div. 179.

Supreme Court of Alabama.
Oct. 11, 1934.

---

☞For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

Albert Hooton, of Dadeville, for appellee.

BOULDIN, Justice.

The action was upon a policy of fire insurance. The property insured, as described in the policy, was a "one story frame build ing, with comp. roof, occupied by tenant as a dwelling house."

The policy stipulated: "This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact. or circumstance concerning this. insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein."

Plea 1 (a) interposed by defendant was as follows: "1. (a) The defendant avers that in said policy sued upon it is expressly warranted that said property was occupied by a tenant as a dwelling house. The defendant further avers that at the time of the fire said insured property was not occupied by a tenant as a dwelling house, and defendant further avers that said facts increased the risk of loss."

Plea 3 (a) presents the same matter as a material misrepresentation, which increased the risk of loss.

Issue was joined on these pleas.

The main question on this appeal is whether defendant was due the affirmative charge on these pleas.

The facts touching possession as presented in the evidence were these:

This residence in Camp Hill was, at the time it was erected, the property of T. E. Landrum. On his death it passed to his widow, N. A. Landrum. On September 21, 1923, she conveyed the property by deed to H. Carl Landrum, son of T. E. Landrum, on a recited cash consideration of $3,000.

According to plaintiff's evidence, a purchase-money mortgage for $3,000 was executed to N. A. Landrum by Carl Landrum and his wife, Viola Landrum. This mortgage was foreclosed in 1928, and the property purchased by the mortgagee, who, in April, 1931, conveyed the property by deed to W. F. Landrum, the appellee. In September following, the policy of insurance was taken out, and the property destroyed by fire February 5, 1932.

Without dispute, the property was occupied at the time the policy was taken out by Viola Landrum. She and her husband, Carl Landrum, had separated several years before, and a divorce had been granted some three years before the fire. As a witness Viola denies ever signing the mortgage, in fact presents circumstances tending to support a contention that no purchase-money mortgage was ever given. Among these circumstances were the giving of another mortgage on same date for $540 money borrowed, neither mortgage mentioning the other; the fact that the mortgage was not recorded until 1927, after the trouble arose between her and her husband, and after she had refused to move out of the property on request of her husband; an admission by W. F. Landrum, the insured, that he had paid Mrs. N. A. Landrum $600 for the property, his deed reciting $1,500; and some contention that the house was built for Carl, and was to be deeded to him for several years' services, etc.

Plaintiff introduced the notary who certified the acknowledgments to the purchase-money mortgage, and who testified to its execution and acknowledgment by both Carl and Viola Landrum in his presence.

We are not concerned with this controversy, except as it illustrates the character of Viola. Landrum's possession. For purposes of our inquiry, we take plaintiff's version as **true.**

We may note the rule that a purchase-money mortgage given by the husband alone is good against any homestead or dower rights of the wife.

But it is without dispute that Viola continued to occupy this residence despite any claim under a mortgage or otherwise. She testifies that her husband, as well as agents for Mrs. N. A. Landrum, demanded possession, which she refused; that W. F. Landrum, after he acquired his deed, sought an agreement on her part to pay rent, which she refused and no rent was ever paid to any one.

In short, by the undisputed evidence, Viola, for a period of five years and until the property was burned, occupied this property on her own account, in disregard or denial of any possessory right in Mrs. Landrum or W. F. Landrum, refusing to pay rents, etc.

The trial court, in his oral charge, expressed the view that the evidence disclosed the dwelling was not occupied by a tenant of the insured, unless by a tenant at sufferance.

We need not enter upon the discussion of the divers forms of tenancies known to the law. Suffice to say, within the meaning of fire insurance contracts of this character, a tenant is one holding possession under the insured, in recognition of his title, whose possession is the possession of the insured, and under the usual contractual obligations of a tenant, express or implied, to conserve the property of the landlord.

A trespasser, or one holding by adverse possession, or in denial of the possessory right of the insured, is not a tenant. Such is this case.

The trial court submitted the case to the jury on the question of increase of risk of loss.

Defendant offered expert evidence of an experienced insurance man tending to show a different and increased hazard or fire risk from an insurance standpoint, where the dwelling was insured as occupied by a tenant, but in fact occupied as in this case.

Whether this evidence, uncontradicted by other evidence, should be deemed so conclusive as to call for the affirmative charge, with hypothesis, for defendant, we do not find it necessary to decide.

This, for the reason that in our opinion this status of possession was material, and, as matter of law, increased the risk of loss under the law of fire insurance.

An adverse occupant is not under any contractual obligations to conserve the property against fire. It may be a matter of utter indifference to such occupant so far as the property rights of the insured are concerned.

As for the insured, deprived for an indefinite time, maybe forever, of the beneficial use and enjoyment of the property, his interest in protecting the property after obtaining insurance thereon is lessened. He has less to lose under the three-fourth value clause in case of destruction of the property by fire. Capital City Insurance Co. v. Caldwell Brothers, 95 Ala. 77, 88, 10 So. 355.

No cases are cited and none are found dealing with the exact question before us on pleas of breach of warranty or misrepresentation touching occupancy of insured dwellings. Maybe the question could be approached from a consideration of the character of title and ownership of the insured.

It seems to be recognized that an insurance risk upon a building "occupied as a dwelling" is a warranty that the building is occupied, and, if unoccupied, the policy is void. Boyd v. Vanderbilt Insurance Co., 90 Tenn. 212, 16 S. W. 470, 25 Am. St. Rep. 676; Gallin v. Allemannia Fire Ins. Co., 184 App. Div. 876, 172 N. Y. S. 662, affirmed 230 N. Y. 547, 130 N. E. 888; Alexander v. Germania Fire Ins. Co., 66 N. Y. 464, 23 Am. Rep. 76, 4 Couch, Ency. Ins. Law, § 969b; 3 Cooley's Briefs, p. 2073; 14 R. C. L. p. 1049, § 226.

Some authorities hold a contractual stipulation that the dwelling is occupied by the owner is a warranty which renders the insurance void, if occupied by a tenant. Home Insurance Co. v. Currie (C. C. A. 5) 54 F.(2d) 203; Connecticut Fire Ins. Co. v. Buchanan (C. C. A.) 141 F. 877, 4 L. R. A. (N. S.) 758; Imperial Fire Ins. Co. v. Coos County, 151 U. S. 452, 14 S. Ct. 379, 38 L. Ed. 231.

Without committing ourselves to this latter statement, and limiting our decision to cases of the class before us, we are convinced that a warranty or representation that the dwelling is occupied by a tenant, when in fact it is occupied by another claiming in his or her own possessory right, hostile to any possessory right claimed by the insured, is material, and affects the risk of loss by an insurer.

It is immaterial under our statute whether the stipulation be treated as a warranty or misrepresentation. Code, § 8364; Accident Insurance Department of Order of Railway Conductors of America v. Brooks, 216 Ala. 605, 114 So. 6.

The court erred in refusing the affirmative charge to defendant.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.