**HERNOR CO., Inc., v. SUPERIOR FIRE INS. CO. et al.**

District Court, E. D. New York.
March 15, 1930.

Walter & Wolff, of New York City (Alfred A. Walter, of New York City, of counsel), for plaintiff.

Denman, Bevier & Scotti, of New York City (Louis Bevier, Jr., of New York City, of counsel), for defendant Superior Fire Ins. Co.

MOSCOWITZ, District Judge.

The plaintiff, a domestic corporation, brought this action against the defendant Superior Fire Insurance Company a foreign corporation, on a policy of fire insurance.

The action was tried before the court and a jury, resulting in a verdict by the jury in favor of the plaintiff in the sum of $4,700. The questions of law raised by motions made by the defendant were reserved for the court under a stipulation of the parties.

On March 12, 1927, the defendant issued its policy of fire insurance in the sum of $5,000 to the plaintiff, in which the subject of the insurance was described as follows:

"$5,000. On the * * * story * * * roof * * * frame building and additions and extensions attached thereto, including heating, lighting, cooking and electrical apparatus with their appurtenances, fixtures and connections, mason and plumbing work, steam, gas, and water pipes and their fixtures, fire escapes, awnings, stoops and all other fixtures, contained in or attached to and forming part of the building occupied as a dwelling and situate on the North side of Court Street 400 feet West of Junction Avenue, Elmhurst, County of Queens, State of New York. Loss, if any, on buildings payable to Clara E. Burroughs, Mortgagee. Warranted by the in-

sured that the above described building is occupied exclusively for dwelling purposes by not more than three families."

The policy also contained, among others, the following provisions:

"Privilege granted * * * (5) to be vacant for a period of not exceeding nine consecutive months in any one policy year in addition to the ten days permitted by the policy."

"This entire policy shall be void if the insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

" * * * Unless otherwise provided by agreement in writing added hereto this Company shall not be liable for loss or damage occurring.

" * * * (f) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of ten days."

When the policy was written, the building was vacant and unoccupied, and was still vacant and unoccupied on June 24, 1927, when the fire occurred which almost completely destroyed the building. The building was located on the north side of Court street, 400 feet west of Junction avenue, Elmhurst, county of Queens, state of New York. It was about 125 years old, and was in a dilapidated condition. The windows and door openings were open and unprotected; the plaster and lath was down in most of the rooms; and the flooring was broken and badly worn.

On February 22, 1927, about 3 weeks before the policy was issued, there was a fire in the building which did extensive damage to the interior, burning a large hole in the side of the house approximately 20 feet in diameter, and a large hole in the roof. Prior to this fire there were holes in the roof as a result of the actions of the elements. The building was in this condition at the time the policy was issued.

The defendant asked no questions about the condition of the house when receiving the oral application for the insurance policy, and no information of the condition of the building was given to the defendant by the plaintiff. The condition of the building was such that it was unfit for occupancy as a dwelling or for any other purpose.

The clause in the policy quoted above which contains the words "occupied as a dwelling" constitutes a warranty that on the date of the issuance of the policy the building was occupied as a dwelling. It was conceded upon the trial that at the time the policy was issued the building was vacant and unoccupied. This was a breach of warranty. Wall v. East River Insurance Co., 7 N. Y. 370; Alexander v. Germania Fire Insurance Co., 66 N. Y. 464, 23 Am. Rep. 76.

The vacancy permit clause which is also quoted above and contained in the policy is not inconsistent with the occupancy clause. The words "to be vacant" in the vacancy permit clause relate to a time subsequent to the issuance of the policy. The occupancy clause relates to the condition of the building at the date of the issuance of the policy. To construe the vacancy permit clause to relate to the time of the issuance of the policy would make it inconsistent with the occupancy clause.

It is the law that, in the event of inconsistent or repugnant clauses, the policy must be construed in favor of the insured. Courts will favor a construction which will avoid a forfeiture in preference to one which will work a forfeiture. The court should interpret the clauses of the policy according to the ordinary meaning of the words used. Preston v. Ætna Insurance Company, 193 N. Y. 142, 85 N. E. 1006, 19 L. R. A. (N. S.) 133.

A reading of the clauses of the policy shows that there was a warranty that the building was occupied as a dwelling at the time of the issuance of the policy. The insurance company, however, agreed that during the term of any one policy year the building could be vacant for 9 months and 10 days. Both clauses therefore can be given their full effect.

The building was in a dilapidated and abandoned condition prior to the issuance of the policy of insurance, and was hardly more than a shell, and had very little, if any, value. The verdict of $4,700 is therefore excessive in amount and against the weight of evidence, and will be accordingly set aside.

Considering the condition of the building before the issuance of the insurance policy, it is a serious question whether or not the failure of the plaintiff to disclose the same did not constitute a concealment of material facts. However, believing as I do that there has been a breach of warranty barring a recovery by the plaintiff, it is not necessary to discuss this question.

The verdict will be set aside and the complaint dismissed. Judgment for the defendant. Settle judgment on notice.