## Bresnick et ux. v. The Mutual Fire Insurance Company

*Max L. Mitchell* and *Harry Alvan Baird*, for plaintiffs.

*M. C. Rhone*, for defendant.

DAVISON, P. J., thirty-ninth judicial district, specially presiding—This was an action of assumpsit upon a fire insurance policy which insured the plaintiffs against loss by fire in the sum of $3,000, of which $2,000 was on a two-story composition-roof frame building and additions thereto adjoining and communicating, while occupied as a dwelling house, and $1,000 was on a frame barn. The policy further stated that the buildings were "all situate on the farm owned by I. and Belle Bresnick tenanted by James Burkett on road leading to Brockport, Penna., from Pennfield, Penna., in Houston Twp., Clearfield County, Penna." The house was totally destroyed by fire on August 23, 1928, and it is for the amount covering that building that this suit is brought.

On the trial of the case the plaintiffs' evidence showed that the farm on which the insured buildings were located was not tenanted at the time the insurance was written by one James Burkett, but was not then occupied by anyone and remained unoccupied until August 2d of that year, and that it never was tenanted by one James Burkett.

At the close of the plaintiff's testimony, the defendant moved for a compulsory nonsuit, setting forth three grounds for such motion:

1. That there was a vital variance between the proof of loss by fire filed by plaintiffs and the allegations contained in the complaint, because the policy declared on asserted that the farm on which the buildings were located, covered by the insurance, was then tenanted by one Burkett, and the truth was that the farm was not tenanted by anyone when the insurance policy was issued.

2. That the declaration of the insured made to the agent at the time the insurance was effected, that the farm was then tenanted, and so tenanted by one Burkett, constituted a warranty and was a material fact in connection with the insurance of the policy, and since the plaintiff admitted at the trial that Burkett was not a tenant on the farm at this time and that there was no tenant on the farm at this time, the policy was void and the plaintiffs could not recover.

3. That the plaintiffs' evidence showed that there was not a bona fide occupancy within a period of 10 days prior to the fire, and no permit had been issued by the company relating to a vacancy.

The court granted said nonsuit upon the second ground advanced in said motion, saying: "The policy on which the action was brought, being the contract sued on, containing a clause that the house insured was situated on the farm owned by the now plaintiffs, tenanted by James Burkett, and it appearing from the evidence offered by the plaintiffs that, at the time the insurance was applied for and accepted and the policy delivered, the property was not tenanted by James Burkett, nor by anybody else, but was unoccupied, the court is of the opinion that this is a material fact, that it is not a mere representation but a warranty of the fact therein contained, that it is fatal to the cause of the plaintiffs, and the evidence as offered in contradiction of the contract as pleaded is fatal to the plaintiffs, and therefore the motion for a nonsuit as made must be granted. The compulsory nonsuit is therefore granted. Exception to the plaintiffs and bill sealed."

In granting this nonsuit, the court placed it on the second ground advanced for the same, and we do not feel that we were in error in so doing. It might have been granted on the first ground, or perhaps the third, but as we at that time based our action on the second ground we will consider it alone at this time.

Were we in error in holding that the declaration in the policy sued upon in reference to occupancy was a warranty? We do not feel that we were. In Frisbie v. Fayette Mut. Ins. Co., 27 Pa. 325, the rule of law is laid down as follows: "The rule seems to be that such representations in or part of the policy are construed to be warranties when it appeared to the court that they must have had, in themselves or in the view of the parties, a tendency to induce the company to enter into the contract on terms more favourable to the insured than without them. If the court cannot say so, then they are treated as representations, and it is left to the jury to say whether or not they are material misrepresentations, tending to mislead and actually misleading the insurers."

Applying that rule to the instant case, we have no hesitancy in construing the representations in this policy as warranties and hence in holding that our granting of the nonsuit was not error. As is said in the above-cited case, whether a statement shall be taken as a warranty is a mere question of interpretation, to be ascertained in policies of insurance just as in other contracts, and if it relates to a fact that can be known judicially to increase the risk then it is to be treated as a warranty. We are of the opinion that the interpretation of the contract in suit was for the court and there was no error under the facts of the case in construing the statements as a warranty. We feel that we are fully sustained in this position by Alexander v. Germania Fire Ins. Co., 66 N. Y. 464, as well as other cases cited to us by counsel for the defendant.

Having reached the above conclusion as to the statements in this policy sued on being warranties, we cannot see where there could be error in granting this motion for a nonsuit. We stand in the same position as if it was specifically stated in the policy that such statements were to be considered as warranties and then there could be no question of the construction of a contract the terms of which had been agreed upon by the parties to it.

In Hernor Co., Inc., v. Superior Fire Ins. Co. et al., 39 F. (2d) 477, the suit was on a policy in which the following description occurred: "$5,000. On the . . . story . . . roof . . . frame building and additions and extensions attached thereto, . . . forming part of the building occupied as a dwelling. . . . Warranted by the insured that the above described building is occupied exclusively for dwelling purposes by not more than three families." The court said: "The clause in the policy quoted above which contains the words 'occupied as a dwelling' constitutes a warranty that on the date of the issuance of the policy the building was occupied as a dwelling. It was conceded upon the trial that at the time the policy was issued the building was vacant and unoccupied. This was a breach of warranty. Wall v. East River Insurance Co., 7 N. Y. 370; Alexander v. Germania Fire Insurance Co., 66 N. Y. 464, 23 Am. Rep. 76." And further on the court says: "However, believing as I do that there has been a breach of warranty barring a recovery by the plaintiff, it is not necessary to discuss this question", referring to another question raised in the case.

We are therefore constrained to hold that the motion to take off the nonsuit must be overruled.

Now, August 14, 1931, the motion to take off the nonsuit is refused.

From Harry Alvan Baird, Williamsport, Penna.