## Waddington v. Wm. Penn Fire Ins. Co.

*Harris, Hammond & Harris,* for plaintiff.
*Horace Michener Schell,* for defendant.

CRUMLISH, J., May 8, 1948.—This is an action in assumpsit on a $5,000 fire insurance policy, issued to plaintiff by defendant company, dated December 11, 1945, covering a house located on the North side of Creston Avenue, East of Bustleton Avenue, in Philadelphia. On December 8, 1946, the house was partially destroyed by fire and defendant company has refused to pay plaintiff the sum of $3,820 claimed as damages.

In its answer and new matter, defendant company alleged, inter alia, that the policy was issued on a "dwelling, occupied by not exceeding two families, or one family and five roomers or boarders"; that from the date of issuance of the policy to the date of the fire the property was vacant and unoccupied; and that plaintiff wilfully and deliberately concealed this fact from defendant. To this portion of defendant's answer, plaintiff has raised preliminary objection, in the nature of a demurrer, based upon a permission granted upon the face of the policy for the premises "to be unoccupied or vacant without limit of time . . . if . . . located . . . within . . . a city, . . . having an organized fire department".

The question before the court concerns the effect of the "permission granted" upon the occupancy clause set forth in the description of the premises. Has plaintiff been guilty of such a false representation of a material fact as to justify forfeiture of the policy?

The breach, if any, must have occurred at the time of issuance of the policy. The standard provision that the "policy shall be void, *unless otherwise provided by agreement in writing added hereto,* . . . (f) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of ten days", may be superseded by permission expressly granted on the face of the policy for the premises to be unoccupied. (Italics supplied.) See Yost v. Anchor Fire Ins. Co., 38 Pa. Superior Ct. 594, 598 (1909).

Defendant contends that the policy contains a warranty as to occupancy at the time of issue. A warranty in an insurance policy is a contract relating to an existing fact, future act or condition; while a representation is not a contract, but a statement such as will constitute a misrepresentation if it be untrue and material to the risk.

"A warranty must be literally true, without regard to its materiality to the risk, while a representation must be true only so far as it is material to the risk": Karp v. Fidelity-Phenix Fire Ins. Co., 134 Pa. Superior Ct. 514, 4 A. (2d) 529 (1939); citing Lycoming Ins. Co. v. Mitchell & Boyle, 48 Pa. 367. By breach of a warranty a policy of insurance may be avoided.

". . . representations in . . . (a) policy are construed to be warranties when (it is apparent) that they must have had, in themselves or in the view of the parties, a tendency to induce the company to enter into the contract on terms more favourable to the insured than without them. If the court cannot say so, then they are treated as representations, and . . . left to the jury . . .": Frisbie v. Fayette Mutual Insurance Company, 27 Pa. 325, 327 (1856); Price v. Century Indemnity Co., 333 Pa. 337, 340 (1939); Bresnick v. The Mutual Fire Ins. Co., 20 D. & C. 51, 52 (1931).

Whether a statement in a policy shall be taken as a warranty, is a question of interpretation, to be ascertained as in other contracts: Frisbie v. Fayette Mutual Insurance Co., supra. If doubt exists as to the meaning of language in a policy of insurance, it is to be so interpreted that the insured shall not be deprived of the indemnity provided for under its terms: Yost v. Anchor F. Ins. Co., supra; Hagarty v. Wm. Akers Jr. Co., 342 Pa. 236, 239 (1941). A fire policy must be construed most strongly against the insurer and in favor of the insured: Harbridge v. Mutual Fire Ins. Co., 151 Pa. Superior Ct. 278, 281 (1943), citing Francis v. Prudential Ins. Co., 243 Pa. 380; Krebs v. Phila. Life Ins. Co., 249 Pa. 330. In order to defeat recovery upon it, the meaning of the provision which purports to effect this object ought to be clear. If the provision be ambiguous, that interpretation should be adopted which will conserve the purpose for which the policy was given: Teutonia Fire Insurance Co. v. Mund,

102 Pa. 89; Burkhard v. Travellers Insurance Co., 102 Pa. 262; Farner v. Massachusetts Mutual Accident Association, 219 Pa. 71, 73, 67 Atl. 927; Tennant v. Hartford Insurance Co., 351 Pa. 102 (1944).

The effect of a permitted unlimited vacancy provision in a rider attached to a standard form of fire insurance policy, upon a provision of the policy describing the insured dwelling as occupied, has not been previously passed upon in Pennsylvania or elsewhere. In other jurisdictions there is conflict in cases where the permitted vacancy does not cover the entire term of the insurance policy. See for examples, Hernor Co. v. Superior Fire Ins. Co. 39 F. 2d 477 (1930) and Pabst Brewing Co. v. Union Ins. Co. of Philadelphia, 63 Mo. App. 663 (1895). In the endorsement attached to the policy of insurance, it is provided, inter alia:

"This policy covers the following described property, all situated N. Side of Creston Avenue, East of Bustleton Ave., City of Philadelphia, State of Penna., Item 1, $5000, on the stone with wood shingle roof dwelling, occupied by not exceeding two families, or one family and five roomers or boarders, including building equipment and fixtures . . ." And, in the concluding paragraph: "Permission Granted: . . . (c) to be unoccupied or vacant without limit of time only if premises described are located within the corporate limits of a city, town or village having an organized fire department . . .".

Plaintiff contends that the provision regarding occupancy was superseded and modified by the "permission granted". Defendant, on the other hand, contends "that the policy in the instant case must be read to be what it purports to be; namely, a policy upon a building occupied for the purpose stated therein. The fact that by the contract permission to become vacant or unoccupied is granted is of no moment. By the original provision of the policy, the property was insured as an

occupied building. It was not occupied at the time of the issuance, during the period of the risk, and at the time of the fire, and under such circumstances, we submit that by reason of a breach of the warranty of the contract with respect to occupancy, the policy is void . . .". The policy under consideration makes no reference to "warranties"; however, it provides, inter alia, "This entire policy shall be void if the insured has concealed or misrepresented any material fact or circumstances concerning this insurance or the subject thereof; . . .".

What was the intention of the parties? Plaintiff signed no application in which he represented that the property was occupied and there is nothing in the record to indicate that plaintiff otherwise represented that the property was occupied in order to induce defendant to assume the risk. On this subject, all we have are the printed words, in defendant's form, describing the property as occupied. Assuming that the property was described as occupied, as a result of information conveyed to defendant by plaintiff when in fact it was unoccupied, did the parties intend it as a warranty or a representation of a material fact? If these words stood alone, defendant would be on firmer ground.

We cannot, as defendant suggests, treat the permission of unlimited vacancy as "of no moment". The policy must be read in its entirety. Having been drawn by defendant, it was presumed to know that which was obvious. If the parties so intended, it was within the power of defendant to delete the unlimited vacancy permission from its form or to utilize one which contained no such permission. The contract of insurance became effective December 10, 1945. No attempt has been made to reform it and it is admittedly the contract between the parties. To come now and contend that the parties intended that at the metaphysical moment of

the assumption of the risk, vacancy should be material while for the entire balance of the term of the contract it might be permitted without limit of time, is without merit. If it were intended that the words describing the property as occupied be a warranty or a material representation, why did defendant adopt and make a part thereof its form which gave plaintiff unlimited permission for vacancy?

Considering the surrounding circumstances, the situation of the parties, the object they apparently had in view and the nature of the subject matter, we reach the conclusion that the parties intended no warranty nor representation of a material fact but merely a description of the property insured in using the words "stone with wood shingle roof dwelling, occupied by not exceeding two families, or one family and five roomers or boarders . . ." and adopting the form which also contained the words "Permission Granted; . . . (c) to be occupied or vacant without limit of time . . .".

Accordingly, plaintiff's preliminary objections are sustained.